UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08171 PA (SKx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | Wesco Insurance Company v. Tauler Smith LLP et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — COURT ORDER

Before the Court is a "Motion to Dismiss the First Count of Plaintiff's Complaint" filed by defendant Tauler Smith LLP ("Defendant"). (Docket No. 18.) Plaintiff Wesco Insurance Company ("Plaintiff") filed an Opposition and Defendant filed a Reply. (Docket Nos. 27 and 28.) Defendants Roma Mikha, Inc., NMRM, Inc., and Skyline Market, Inc. (hereinafter "Claimants") have not joined in, or made any filings related to, the Motion to Dismiss. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 6, 2020, was vacated, and the matter taken off calendar. For the reasons discussed below, the Court denies Defendant's Motion.

**I.   Background**

Plaintiff seeks a declaration of rescission of a professional liability insurance policy that it issued to Defendant. (Compl. ¶1.) Plaintiff alleges that Defendant made material misrepresentations on its insurance applications and a warranty letter, all of which Plaintiff relied on in issuing the policy. (Id.) According to the Complaint, Defendant's client Outlaw Laboratory, LP ("Outlaw") filed several lawsuits in 2018 against Claimants and other companies that operate convenience/liquor stores. (Id. at ¶¶12-13.) Outlaw alleged the stores sold male enhancement pills with dangerous drug ingredients and used misleading marketing that "[gave] consumers the false impression that the products are safe and natural supplements." (Id. at ¶¶15-19.) On August 9, 2018, attorney Mark Poe sent a letter to Robert Tauler, Matthew Smith, and Leticia Kimble—all lawyers employed by Defendant—that characterized the lawsuits as a "shakedown racket." (Id. at ¶22.) The letter states in relevant part:

> Our client has recently brought to our attention a scam that your law firm and its soon-to-be co-defendants are perpetrating on small retail stores across California. We write to offer you a brief window in which you can dismiss all of the pending litigation and cease this fraudulent practice. Your alternative is that we will bring litigation that will put an end to this little scheme. . . . We have attached two samples of the baseless demand letters by which you perpetrate this scheme . . . Tauler Smith's liability . . . appears on the face of the letters themselves. . . . Your demand letters and the ensuing shake-down calls constitute a "scheme to defraud" under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08171 PA (SKx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | Wesco Insurance Company v. Tauler Smith LLP et al. | | |

> controlling authority. . . . And because multiple such instances of mail fraud have been committed through an association-in-fact enterprise [including] yourselves, . . . you are liable under RICO. . . . If you immediately abandon further pursuit of this scheme and dismiss all of the enterprise's pending litigation, our firm will cease investigating these claims . . . If not, we expect that Tauler Smith will be held jointly and severally liable with the fellow members of its enterprise to restore the "settlements" that the enterprise has fraudulently received to date.

(Id. at Ex. C (emphasis added).) Robert Tauler responded to the letter on August 9, 2018. (Id. at Ex. D, ¶7.) On August 24, 2018, Claimants filed a counterclaim and third-party claims against Outlaw (hereinafter "Initial Counterclaim"). (Id. at ¶¶38, 40, 30.) They alleged that Outlaw was engaged in a RICO enterprise, and that Defendant and its lawyers were as-yet-unnamed members of the enterprise. (Id.)

In November 2018, Defendant submitted an insurance application to underwriting manager Synergy Professional Associates, Inc. (Id. at ¶45.) Defendant stated in the application that it had "no incidents or claims" in the prior five years. (Id. at ¶47.) Defendant then submitted an Application for Lawyers Liability Insurance to Plaintiff. (Id. at ¶48.) Defendant stated that no member of the firm was aware of any incident, facts, circumstances, acts, or omissions that might result in a professional liability claim against the firm or any current attorney of the firm. (Id. at ¶49.) Defendant also stated that no professional liability claim had been made against the firm or any of its members in the prior five years. (Id. at ¶50.) The application contained a disclaimer that stated, "It is important that you report any known facts or circumstances that could reasonably be expected to result in a claim to your current insurer." (Id. at ¶51.) Robert Tauler signed the application and certified that all information provided therein was true, accurate, and complete. (Id. at ¶52.) In addition, Defendant submitted a Professional Liability Warranty letter to Plaintiff in which it stated that it was not aware of "any professional liability claims or other allegations of errors or omissions made against them . . . which has not already been disclosed to Wesco Insurance Company in writing." (Id. at ¶¶53-54.) Defendant also stated that after inquiry, no members of the Firm were "aware of any actual or alleged error, omission, incident or circumstances, which might reasonably result in a claim or an accusation of error or omission." (Id.)

On November 27, 2018, Plaintiff issued an insurance policy to Defendant for the period November 11, 2018 to November 11, 2019. (Id. at ¶66.) The policy provides in relevant part that Plaintiff will pay on behalf of Defendant "sums in excess of the deductible that the Insured shall become legally obligated to pay as damages because of a claim . . . provided that . . . no Insured knew or could reasonably have foreseen that any such act or omission, or related act or omission, might be expected to be the basis of a claim." (Id. at ¶68.) The policy also contains a condition that states, "the misrepresentation of any material matter by the Insured or the Insured's authorized agent/broker, which if known by the Company would have led to the refusal by the Company to make this contract or provide coverage for a claim hereunder, will render this policy null and void and relieve the Company from all liability herein." (Id. at ¶72.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08171 PA (SKx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | Wesco Insurance Company v. Tauler Smith LLP et al. | | |

On July 1, 2019, Claimants filed a motion for leave to file a Second Amended Counterclaim in part to add new counter-defendants—including Defendant—to the RICO claims against Outlaw. (Id. at ¶55.) On August 19, 2019, the court granted the motion and found that "none of the three proposed defendants can argue unfair surprise . . . [because] Counterclaimants have long alleged in their pleadings . . . as early as . . . August 24, 2018 . . . that the lawyers at Tauler Smith LLP . . . jointly participated in the RICO scheme." (Id. at Ex. F, pp. 14-15.) Claimants filed a Second Amended Counterclaim naming Defendant as a counter-defendant on August 20, 2019. Defendant notified Plaintiff on or about August 19, 2019 of the Counterclaim and requested coverage pursuant to the policy.

On September 20, 2019, Plaintiff filed a Complaint in this Court against Defendant and Claimants. Plaintiff raises two claims for relief: (1) rescission and (2) declaratory relief. Plaintiff alleges that if Defendant had provided truthful answers in the insurance application and warranty letter, then Plaintiff "would not have issued the Policy . . . or at least would have excluded all claims related to the allegations contained in the Poe Letter and the Initial Counterclaim." (Id. at ¶77.) Defendant now seeks to dismiss Plaintiff's rescission claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.    Legal Standard**

For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e); see also Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

In Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08171 PA (SKx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | Wesco Insurance Company v. Tauler Smith LLP et al. | | |

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

### III. Analysis

As a preliminary matter, Defendant filed a Request for Judicial Notice in support of its Motion to Dismiss. (Docket No. 19.) Defendant asks this Court to take notice of (1) Judgment and Probation/Commitment Order re: John Seil Lee, in Case No. 2:19-cr-00008-PA, filed August 20, 2019, and (2) Judgment and Probation/Commitment Order re: SHH World Trading Enterprises, Inc., in Case No. 2:19-cr-00008-PA, filed August 20, 2019. Defendant has failed to explain how either of these criminal orders are relevant to the present action. Because the Court did not rely on either criminal order in reaching this decision, Defendant's Request are denied as moot.

The Court concludes that Defendant has failed to present a meritorious argument that would warrant dismissal of Plaintiff's rescission claim. Defendant argues that "Tauler Smith had no reason to think that a claim against it would 'reasonably result'" and "the threat of litigation on the basis of the Poe Letter's accusations had been demonstrably shown to be empty litigation banter." (Mot. at 4; see also id. at 6-7 (arguing that "Tauler Smith had every reason to think that Mr. Poe would not sue Tauler Smith in its counterclaims" because "Tauler Smith was not named as a party in the counterclaims when they were filed in August of 2018, confirming that such threats against the firm were merely litigation banter.").) It appears that Defendant has incorrectly assumed that only a lawsuit qualifies as a "claim" that must be disclosed in an insurance application. (See id. at 3 ("[T]o whatever extent the Poe Letter might have constituted a threat needing to be disclosed to Wesco, Mr. Poe's subsequent litigation conduct prior to the time of renewal alleviated any concern.").) But "[a] 'claim' can be any number of things, none of which rise to the formal level of a suit." Fireman's Fund Ins. Co. v. Superior Court, 65 Cal. App. 4th 1205, 1216 (1997) ("While a claim may ultimately ripen into a suit, 'claim' and 'suit' are not synonymous."); see also United States Specialty Ins. Co. v. Bridge Capital Corp., 482 F. Supp. 2d 1164, 1168 (C.D. Cal. April 10, 2007) ("[U]nder California law, the term 'claim' has a well established, unambiguous definition. It is defined as 'the assertion of a liability of the party, demanding that the party perform some service or pay some money.'") (citation omitted). Thus, Defendant's assumption that the rescission claim fails because Defendant was not sued in the initial counterclaim is unpersuasive. Tellingly, Defendant's argument section lacks any citations to supporting case law. For these reasons, the Court finds that the Motion to Dismiss lacks merit.

Moreover, Plaintiff has alleged a plausible claim for rescission that is sufficient to survive a motion to dismiss. Plaintiff alleges facts that Defendant was aware of information that might result in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08171 PA (SKx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | Wesco Insurance Company v. Tauler Smith LLP et al. | | |

professional liability claim against the firm or current attorney of the firm. Specifically, Plaintiff has presented facts regarding the Poe Letter, which threatened Defendant with litigation and accused Defendant of RICO liability for engaging in a scheme to defraud small-business owners. Plaintiff has also presented facts regarding the Initial Counterclaim in the Outlaw litigation, which explicitly referenced Defendant and several of its lawyers as members of Outlaw's RICO scheme. Plaintiff alleges that Defendant did not disclose any of this information in its application or warranty letter, which Plaintiff materially relied on in issuing an insurance policy. Had defendant disclosed the Poe Letter or the Initial Counterclaim, Plaintiff alleges it would not have issued the policy. Altogether, these factual allegations in the Complaint are sufficient to state a plausible claim for rescission. Whether Defendant did in fact misrepresent or conceal material information in connection with obtaining the insurance policy is an issue that must remain unresolved at this stage of the litigation. If Plaintiff is unable to support its allegations with probative evidence, then its claims may later fail on summary judgment. At this stage in the proceedings, however, Plaintiff's allegations are sufficient to survive a motion to dismiss.

For these reasons, the Court concludes that the well-pleaded facts alleged in the Complaint satisfy the federal pleading standard and otherwise provide Defendant with sufficient notice of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 8.

**IV.     Conclusion**

The Court denies Defendant's Motion to Dismiss. Defendant shall file an Answer within 14 days of the entry of this order.

IT IS SO ORDERED.