# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-08171 PA (SKx) | Date | March 10, 2020 |
|---|---|---|---|
| Title | Wesco Insurance Company v. Tauler Smith LLP et al. | | |

Present: The Honorable   **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **IN CHAMBERS — COURT ORDER**

Before the Court is a Motion to Bifurcate and Stay filed by Plaintiff Wesco Insurance Company ("Plaintiff"). (Dkts. 38 and 39 ("Mot.").)  Defendant Tauler Smith LLP ("Defendant") filed an Opposition and Plaintiff filed a Reply. (Dkts. 44 ("Opp.") and 45.)  Defendants Roma Mikha, Inc., NMRM, Inc., and Skyline Market, Inc. (hereinafter "Claimants") have not joined in, or made any filings related to, the Motion to Bifurcate and Stay.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for March 16, 2020 is vacated and the matter taken off calendar.

## I.       Background

Plaintiff seeks a declaration of rescission of a professional liability insurance policy that it issued to Defendant. (Compl. ¶1.)  Plaintiff alleges that Defendant made material misrepresentations on its insurance applications and a warranty letter, all of which Plaintiff relied on in issuing the policy. (Id.) Plaintiff filed a Complaint against Defendant and Claimants that raises two claims for relief: (1) rescission and (2) declaratory relief.  Plaintiff alleges that if Defendant had provided truthful answers in the insurance application and warranty letter, then Plaintiff "would not have issued the Policy . . . or at least would have excluded all claims related to the allegations contained in the Poe Letter and the Initial Counterclaim." (Id. at ¶77.)  The Court previously denied Defendant's Motion to Dismiss Plaintiff's rescission claim. (Dkt. 31.)  Defendant then filed an Answer to Plaintiff's Complaint, as well as a Counterclaim against Plaintiff that raises three claims for relief: (1) breach of contract, (2) bad faith, and (3) declaratory relief. (Dkts. 35 and 36.)  Defendant argues Plaintiff breached the implied covenant of good faith and fair dealing by wrongfully attempting to rescind the policy, and wrongfully denying coverage in connection with the underlying lawsuit that Claimants have brought against Defendant. (Dkt. 35 at 14, 20.)  Plaintiff now seeks an order from the Court bifurcating Defendant's bad faith claim from the rescission and coverage issues in this case, and staying the proceedings for the bad faith claim until the insurance coverage issues have been resolved. (Mot. at 1-2.)

## II.      Legal Standard

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-08171 PA (SKx) | Date | March 10, 2020 |
|---|---|---|---|
| Title | Wesco Insurance Company v. Tauler Smith LLP et al. | | |

Fed. R. Civ. P. 42(b); see also Hamm v. Am. Home Prods. Corp., 888 F. Supp. 1037, 1038 (E.D. Cal. 1995) ("Rule 42(b) explicitly grants the district court the discretion to determine whether to bifurcate issues") (citing Arthur Young & Co. v. United States Dist. Court, 549 F.2d 686, 697 (9th Cir. 1977)). The district court has broad discretion to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues. Jinro America Inc., v. Secured Investments, Inc., 266 F.3d 993, 998 (9th Cir. 2001). Factors to be considered when ruling on a Rule 42(b) motion include complexity of issues, factual proof, risk of jury confusion, difference between the separated issues, the chance that separation will lead to economy in discovery, and the possibility that the first trial may be dispositive. Calmar, Inc. v. Emson Research, Inc., 850 F. Supp. 861, 866 (C.D. Cal. 1994). The party moving for bifurcation has the burden to demonstrate that judicial economy would be promoted and that the non-moving party will not suffer prejudice. Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992).

### III.    Analysis

The Court finds that bifurcation is not warranted in this case. Defendant's bad faith claim shares a clear nexus of facts with the insurance coverage issues. Thus, "bifurcating claims would serve only to generate duplicative proceedings and spiraling costs." See Aerojet Rocketdyne, Inc. v. Global Aero., Inc., 2018 U.S. Dist. LEXIS 143824, at *16 (E.D. Cal. Aug. 23, 2018) (denying motion to bifurcate without prejudice). For example, if the parties end up participating in two separate trials in this case, they may inevitably have to present the same evidence twice because the jury could not decide whether Plaintiff breached the implied covenant of good faith and fair dealing without first understanding the nature of the insurance policy that the parties entered into. Joint discovery and proceedings will be more convenient to the parties and would best promote judicial economy. Compare Estate of Hoxsey v. Allstate Prop. & Cas. Ins. Co., 2016 U.S. Dist. LEXIS 183016, at *8 (W.D. Wash. May 31, 2016) ("It is much more expensive and time consuming to resolve an action in two separate phases, particularly where Allstate insists not only on separate trials, but on staying and partitioning discovery."). Plaintiff's desire to resolve this case efficiently, and without reaching the bad faith claim, would be more appropriately addressed through a motion for summary judgment on the rescission issue.

### Conclusion

Plaintiff has failed to demonstrate that bifurcation will promote judicial economy and not prejudice Defendant. Therefore, Plaintiff's Motion to Bifurcate and Stay is DENIED. Additionally, the Court has reviewed Defendant's Counterclaim, which was timely filed with the Answer and included a demand for jury trial. To the extent the Counterclaim includes claims that are triable by a jury, the Court has attached new pretrial dates for a jury trial on those issues. The Court's previous order setting dates for a bench trial on the equitable issues in this case, (Dkt. 33), shall still remain in effect.

IT IS SO ORDERED.

Schedule of Trial and Pretrial Dates

| CASE NO.: | CV 19-08171 |
| --- | --- |

**PARTIES:**          **Wesco Insurance Company**
                                        **-v-**
                                **Tauler Smith LLP et al**

**COMPLAINT FILED:**      **09/20/19**

| TRIAL TYPE: | Jury |
| --- | --- |

SETTLEMENT CHOICE:
Court/Magistrate
Court's Mediation Panel
Private Dispute Resolution          X
Judicial Settlement Panel

| DATE | MATTER |
| --- | --- |
| **09/01/20** | Jury Trial at 9:00 a.m. |
| **08/27/20** | File Final Trial Exhibit Stipulation |
| **08/24/20** | Hearing on Motions in Limine at 1:30 p.m.<br>Hearing on Disputed Jury Instructions at 1:30 p.m. |
| **08/07/20** | Final Pretrial Conference at 1:30 p.m.<br>Motions in Limine to be Filed<br>Proposed Voir Dire Questions & Agreed-to Statement of Case |
| **07/24/20** | Lodge Pretrial Conference Order & Pretrial Exhibit Stipulation<br>File Contentions of Fact & Law<br>Exhibit & Witness Lists<br>File Joint Status Report Regarding Settlement<br>File Agreed Upon Set of Instructions & Verdict Forms<br>File Joint Statement Regarding Disputed Instructions, Verdicts, etc. |
| **07/06/20** | Last Date to Conduct Settlement Conference |
| **06/29/20** | Last Day for Hearing Motions |
| **06/22/20** | Discovery Cut-off |
| **04/06/20** | Last Day for Hearing on Motion to Amend Pleadings or Add Parties |